32 F.3d 67
 63 USLW 2164, 45 Soc.Sec.Rep.Ser. 333,
Medicare & Medicaid Guide P 42,577
 PLEASANT VALLEY HOSPITAL, INCORPORATED, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee,
William Toby, Acting Administrator Health Care Financing
Administration; Blue Cross & Blue Shield of
Virginia, Defendants.
 No. 93-2638.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 11, 1994.
Decided Aug. 5, 1994.
 
 1
 ARGUED: David William Thomas, Nash & Co., Pittsburgh, PA, for appellant. Jan Malia Lundelius, Asst. Regional Counsel, Office of the General Counsel, Dept. of Health & Human Services, Philadelphia, PA, for appellees. ON BRIEF: Stephen P. Nash, Melinda J. Roberts, Nash & Co., Pittsburgh, PA, for appellant. Charlotte Hardnett, Chief Counsel, Region III, Office of the General Counsel, Dept. of Health & Human Services, Philadelphia, PA; Rebecca Betts, U.S. Atty., Carol Casto, Asst. U.S. Atty., Charleston, WV, for appellees.
 
 
 2
 Before ERVIN, Chief Judge, WILKINSON, Circuit Judge, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 
 3
 Affirmed by published opinion. Judge ELLIS wrote the opinion, in which Chief Judge ERVIN and Judge WILKINSON joined.
 
 OPINION
 ELLIS, District Judge, sitting by designation:
 
 4
 This is a Medicare reimbursement dispute. Plaintiff Pleasant Valley Hospital, Inc. ("Pleasant Valley") appeals the Secretary of Health and Human Services's (the "Secretary") decision mandating that Pleasant Valley's reimbursable interest expense be offset by the investment income earned on Pleasant Valley's funded depreciation account ("FDA"). Specifically, the Secretary decided that Pleasant Valley's investment income from its FDA did not qualify for the interest offset exception found in the Health Care Financing Administration's ("HCFA") Provider Reimbursement Manual ("PRM"). Because the Secretary's decision is supported by substantial evidence, we affirm. Further, we do not consider Pleasant Valley's challenge to the Secretary's rules governing this exception because this issue was not raised in the administrative process.
 
 I.
 
 5
 The material facts are undisputed. Pleasant Valley is a non-profit, general hospital certified as a "provider" under the Medicare Act, 42 U.S.C. Secs. 1395 to 1395ccc. Between 1985 and 1987, Pleasant Valley undertook a major project to renovate its physical facilities. It paid for these capital expenditures from its general operating fund. During fiscal years 1985-87, Pleasant Valley also maintained a FDA consisting of funds held in Certificates of Deposit ("CDs"). As the CDs matured, Pleasant Valley deposited the investment income into its general operating fund,[1] using this income to reimburse its general operating fund for patient-care related capital expenditures made during the period or committed to be made within the next thirty days. Each year, Pleasant Valley's capital expenditures substantially exceeded the FDA principal and interest deposited in the general operating fund.
 
 
 6
 At the end of fiscal years 1985-87, Pleasant Valley prepared cost reports in order to obtain reimbursement for services rendered to Medicare beneficiaries. Under the Medicare Act, qualified providers are entitled for reimbursement of the "reasonable cost" of furnishing services to Medicare beneficiaries. 42 U.S.C. Sec. 1395f. Medicare regulations also provide for the reimbursement of "necessary and proper" interest expenses incurred by providers on borrowed funds. 42 C.F.R. Sec. 413.153(a)(1). To discourage providers from seeking Medicare reimbursement for interest on funds borrowed for capital acquisitions while also collecting income on their investments, Medicare regulations include an income offset rule, which requires that interest expense, to be considered "necessary," must be reduced by investment income. 42 C.F.R. Sec. 413.153(b)(2).
 
 
 7
 The current controversy centers on one of the exceptions to the income offset rule, namely that where certain PRM requirements are met, investment income from a FDA is not used to reduce allowable interest expense. 42 C.F.R. Secs. 413.134(e)(1) and 413.153(b)(2)(iii). Those requirements are that the investment income earned by the FDA must itself be deposited in the FDA (PRM Sec. 226.2), and that investment income from the FDA must be deposited in the FDA immediately upon the provider's receipt of such funds (PRM Sec. 226.3).
 
 
 8
 After reviewing Pleasant Valley's cost reports for the fiscal years 1985-87, Blue Cross and Blue Shield of Virginia, Pleasant Valley's intermediary, determined that the investment income earned on Pleasant Valley's FDA did not qualify for the interest income exception set forth in the PRM because Pleasant Valley had deposited this investment income into its general operating account rather than into its FDA. Pleasant Valley timely appealed the intermediary's audit adjustments to the Provider Reimbursement Review Board ("PRRB"), which determined that the interest income offset was improper and accordingly reversed the intermediary's decision. The intermediary then sought review of the PRRB decision by the HCFA Administrator, who reversed the PRRB decision, finding that Pleasant Valley had failed to comply with the deposit requirements of the PRM. Because this was the final decision of the Secretary,[2] Pleasant Valley sought review of the HCFA Administrator's decision in the district court. After consideration of the parties' cross motions for summary judgment, the district court entered judgment affirming the Secretary's decision. In its accompanying opinion, the district court concluded that it was without jurisdiction to consider Pleasant Valley's argument, first raised in the district court, that the Secretary's rules governing the FDA exception to the interest offset requirement were improperly promulgated and therefore invalid. The district court further found that substantial evidence supported the Secretary's decision that Pleasant Valley failed to meet the requirements for the FDA exception to the interest offset rule, 837 F.Supp. 738.
 
 II.
 
 9
 This case was decided below on the parties' cross-motions for summary judgment. Therefore, the standard of review is de novo. See Overstreet v. Kentucky Cent. Life Ins. Co., 950 F.2d 931, 938 (4th Cir.1991).
 
 
 10
 The Secretary's decision should be affirmed where "supported by substantial evidence, and ... not arbitrary, capricious, or otherwise contrary to law." Richlands Medical Ass'n v. Harris, 651 F.2d 931, 934 (4th Cir.1981). Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).
 
 III.
 
 11
 The central issue is whether there is substantial record evidence to support the Secretary's decision that Pleasant Valley failed to qualify for the FDA exception to the interest offset rule. A review of the record compels an affirmative answer. Thus, the record indicates that Pleasant Valley had a practice of depositing its FDA investment income directly into its general operating account. This contradicts the mandate of PRM Sec. 226.3, which requires the investment income from FDAs to be deposited directly into a FDA in order to retain its exempt status. In addition, Pleasant Valley commingled its FDA funds with its general operating funds so that it became impossible to determine whether FDA funds were being used to purchase depreciable assets for patient care, as required to qualify for the exemption. As a consequence, the Secretary's determination that Pleasant Valley failed to fulfill the requirements for the FDA exception to the income offset rule is supported by substantial evidence.
 
 IV.
 
 12
 The sole remaining issue is Pleasant Valley's challenge to the regulations themselves. In the district court appeal, Pleasant Valley raised, for the first time, a challenge to the validity of PRM Secs. 226.2 and 226.3. Pleasant Valley argued that because the Secretary failed to comply with the notice and comment requirements of the Administrative Procedure Act ("APA") when the PRM sections at issue were promulgated,[3] the provisions are invalid.
 
 
 13
 The district court held that it did not have subject matter jurisdiction over Pleasant Valley's claim because Pleasant Valley had failed to raise the claim during the administrative process. As a general matter, it is inappropriate for courts reviewing appeals of agency decisions to consider arguments not raised before the administrative agency involved. The rationale for this rule, as articulated by the Supreme Court, is that
 
 
 14
 [a] reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the [agency] of an opportunity to consider the matter, make its ruling, and state the reasons for its action.
 
 
 15
 Unemployment Compensation Com. v. Aragon, 329 U.S. 143, 155, 67 S.Ct. 245, 251, 91 L.Ed. 136 (1946); see also United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952) ("Simple fairness ... requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice."); Cisternas-Estay v. Immigration and Naturalization Service, 531 F.2d 155, 160 (3d Cir.1976), cert. denied, 429 U.S. 853, 97 S.Ct. 145, 50 L.Ed.2d 127 (1976) ("This court does not sit as an administrative agency and, if counsel wishes to preserve an issue for appeal, he must raise it in the proper administrative forum.").
 
 
 16
 While this general rule is not a strict jurisdictional bar, it is a prudential one which we invoke here. In this instance, contrary to Pleasant Valley's contention, the Secretary's expertise is relevant. Specifically, the Secretary's expertise would be relevant in determining whether the agency had properly promulgated the new PRM provisions. Because neither the Secretary nor the PRRB has had occasion to issue a final decision on this aspect of Pleasant Valley's claim, the district court properly declined to decide the APA issue.[4]
 
 
 17
 Accordingly, the district court's decision upholding the Secretary's determination is
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 The principal was either deposited into the general operating account or used to purchase new CDs for the FDA
 
 
 [2]
 42 U.S.C. Sec. 1395oo(f)(1)
 
 
 [3]
 See 5 U.S.C. Sec. 553
 
 
 [4]
 Because we do not reach the merits of Pleasant Valley's APA challenge to the PRM sections at issue, we need not consider the PRRB's recent decision in Bay Medical Center (Panama City, Fla.) v. Blue Cross and Blue Shield Association/Blue Cross and Blue Shield of Florida, 5 Medicare and Medicaid Guide (CCH) p 42,422 (PRRB Dec. No. 94-D34, April 29, 1994) (holding that PRM Sec. 226.2 is invalid)