**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TRULADAIR BURGESS,
Plaintiff-Appellant,

v.

No. 95-2018

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Mary S. Feinberg, Magistrate Judge.
(CA-94-65)

Argued: May 10, 1996

Decided: June 17, 1996

Before MICHAEL, Circuit Judge, NORTON, United States
District Judge for the District of South Carolina, sitting by
designation, and DOUMAR, Senior United States
District Judge for the Eastern District of Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Amy Ryan Alexander, APPALACHIAN RESEARCH
AND DEFENSE FUND, INC., Charleston, West Virginia, for Appel-
lant. Robert Drum, Assistant Regional Counsel, Office of the General

Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Appellee. **ON BRIEF:** Charlotte Hardnett, Chief Counsel, Region III, James A. Winn, Supervisory Assistant Regional Counsel, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Rebecca A. Betts, United States Attorney, Stephen M. Horn, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Truladair Burgess appeals from a magistrate judge's **1** affirmance of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income (SSI). Finding no error, we affirm.

I.

Truladair Burgess is 48 years old. She completed the seventh grade but is illiterate. She began working when she was fifteen and worked for the next 25 years at a variety of jobs, including bartender, waitress, cook, and hotel maid. Burgess says she injured her back in 1987 and has not worked since then except for two months in 1991 when she worked as a bartender.

Burgess filed her first application for SSI benefits on February 5, 1990. An Administrative Law Judge (ALJ), Virginia Mae Brown, denied Burgess's claim on February 19, 1991. ALJ Brown found that Burgess could perform light work with limitations in bending, stoop-

_____

**1** Both parties consented to a decision by a United States Magistrate Judge.

2

ing, prolonged standing, walking and sitting. She also found that jobs existed in the national economy which Burgess could perform and, accordingly, held that Burgess was not entitled to SSI benefits. Burgess never appealed that decision.

Burgess filed the present application for SSI benefits on May 23, 1991. Following a hearing, a second ALJ, R. G. Goosens, denied Burgess's claim on December 28, 1992. ALJ Goosens found that "[t]he medical evidence establishes that the claimant has borderline intellectual functioning, history of otitis media, tendinitis, peptic ulcer disease, hypertension, degenerative disc disease of the lumbosacral spine, and history of bronchitis. She also has an anxiety disorder and dysthymia." The ALJ then noted that Burgess's treating physician, Dr. Martin, said that Burgess may have problems with prolonged standing or heavy lifting. From this the ALJ inferred that Burgess was capable of performing at least light-level jobs.

After considering all the evidence, ALJ Goosens concluded that Burgess had the following residual functional capacity:

> the ability to do light work, reduced by: illiteracy; an occasional ability to climb, to balance, to stoop, to crouch, to kneel and to crawl; the need to avoid temperature extremes, humidity, and moving machinery; borderline intellectual functioning, but with good ability to make occupational adjustments; seriously limited ability to understand, remember, and carry out complex instructions; limited but satisfactory ability to understand, carry out, and remember detailed but not complex job instructions; and unlimited ability to understand, carry out, and remember simple job instructions. The claimant also has good ability to maintain personal appearance, behave in an emotionally stable matter, relate predictably in social situations, and demonstrate reliability; the need for a sit/stand option for positioning during a work day, and mild to moderate pain at most.

ALJ Goosens then instructed a vocational expert to assume an individual with the same age, education, previous relevant work experience, and specific residual functional capacity as Burgess. The ALJ asked if such an individual could perform a significant number of jobs

3

which exist in the regional or national economies. The vocational expert replied that such an individual could perform the jobs of eye dropper assembly worker; button paster; stamping, labeling, and stuffing laborer; ticket taker/usher; food tray assembly worker; and hand packer. Based on the expert's testimony, ALJ Goosens found that the Commissioner carried her burden of proving that Burgess could engage in certain light work and therefore denied Burgess's application for SSI benefits.

On March 24, 1995, a magistrate judge affirmed the Commissioner's denial of Burgess's claim, and this appeal followed.

II.

On appeal, Burgess argues that (1) ALJ Goosens failed to incorporate the findings of fact previously made by ALJ Brown, (2) substantial evidence does not support the finding that she can perform light work, (3) substantial evidence does not support the finding that Burgess does not suffer from depression, and (4) substantial evidence does not support the finding that Burgess can perform jobs named by the vocational expert.

After carefully considering the record, the briefs and the arguments of the parties, we conclude that the magistrate judge correctly affirmed the Commissioner's denial of Burgess's claim. First, the magistrate judge correctly concluded that ALJ Goosens' findings were consistent with those of ALJ Brown. Second, we agree that the ALJ was entitled to give greater weight to the opinion of Burgess's treating physician in finding that Burgess can perform light work. Third, we agree that the ALJ's finding that Burgess does not suffer from severe depression is amply supported by Burgess's testimony and the reports of Mr. Legg and Dr. Andrews.[2] Accordingly, we

_____

[2] We decline to address Burgess's contention that substantial evidence does not support the ALJ's finding that she can perform the jobs named by the vocational expert. This argument was not raised before the ALJ or the magistrate judge, and thus we need not consider it. See Pleasant Valley Hospital, Inc. v. Shalala, 32 F.3d 67, 70 (4th Cir. 1994) ("As a general matter, it is inappropriate for courts to consider arguments not raised before the administrative agency involved.").

affirm for the reasons stated in the magistrate judge's thorough opinion. See Burgess v. Shalala, No. CA-5:94-0065 (S.D. W. Va. Mar. 24, 1995).

AFFIRMED